JOHN NOVAK *et al.*

*v.*

VYPOMOCNY SPOLEK VLASTENEC BUILDING, ETC. ASS.

*Filed at Ottawa June 8, 1897.*

1. CONTRACTS—*transaction to aid party to borrow money—personal liability.* The fact that one party is acting in the interest of another to aid the latter in securing a loan to redeem his property, does not prevent the former from assuming a personal liability for the loan.

2. SAME—*what will not relieve party from personal liability for loan.* One who borrows money as principal and executes a trust deed on certain property as grantor will not be relieved from personal liability for the loan by proof of an agreement showing that the mortgaged property was conveyed to him as trustee, in order that he might obtain a loan thereon for the real owner, where the agreement does not, in terms, exempt him from such liability.

*Novak* v. *Vlastenec Building Ass.* 68 Ill. App. 682, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

JONES & LUSK, for appellants.

CHARLES VESELY, (A. N. TAGERT, and W. F. COOLING, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellees, a Bohemian building and loan association, and Joseph Sindelar, trustee, filed their bill to foreclose a trust deed made by appellants, John Novak and wife, to secure the payment of $5200 and interest according to the terms of an agreement under seal executed by said John Novak, wherein he covenanted and agreed to pay the same. Appellants, by their answer, admitted the execution of the trust deed and the agreement, but denied the personal liability of John Novak under the

agreement, on the ground that, although appearing as principal, he was in fact a trustee in the transaction for Jan Sevcik and the association. Appellants also filed their cross-bill, alleging the same facts and praying for an accounting with the association for the amount due John Novak on eight shares of matured stock held by him in the association, and for services, commissions and expenses as trustee. Jan Sevcik and Mary Sevcik, his wife, were also made defendants to the cross-bill. The cause was referred to a master, who recommended that the cross-bill should be dismissed and that the prayer of the original bill should be granted. Exceptions to the report were overruled and a decree was entered as recommended. The Appellate Court affirmed the decree.

The title to the property described in the trust deed had been in Frank Sevcik, but Jan Sevcik, his father, was the equitable owner. Two mortgages upon it and seven other lots had been foreclosed. The redemption had expired and a deed had been made to the Star Coal Company, which had agreed with Frank Sevcik to hold it for him a certain time and permit him to redeem it for $5000. The other seven lots had been sold under a first mortgage, and the title held by the coal company was of no value. John Novak was in the real estate, loan, insurance and banking business, and was called the notary, which meant the legal adviser, of the building association. Frank Sevcik applied to him, as a banker and money lender, for a loan, stating the condition and situation of the property. Novak could not accommodate him personally with the loan, but advised him to take shares in the building association and then apply for a loan there. He followed the advice, and on February 13, 1893, took fifty-six shares and paid on them until March 2, 1893, when he applied for a loan on the property described in the trust deed, of $5200. The application was refused, and Novak heard that the property had been appraised at $5000 to $6000 by the appraising

committee. It was afterwards agreed that the coal com-
pany should convey the property to Novak and Frank
Sevcik should transfer the shares of stock to him, and he
should execute the agreement and trust deed in question.
The following record was made in the minutes of the
association: "Frank Sevcik transferred fifty-six shares
of series 8 to the society's notary, John Novak, and the
same request a loan on the property of $5200 for security
property for loan. Upon recommendation, expression of
the society's notary, John Novak, and Anton Kozel, with
the resolution of the directors, the loan is allowed to be
made." The deed was made and the stock transferred,
and Novak executed the agreement, by which he cove-
nanted to pay the money borrowed, with interest, and to
pay $13 upon Thursday of each week upon the shares of
stock. The trust deed was executed to secure this agree-
ment, and there was no trust expressed, but he became
a direct party, personally, to the agreement, which was
executed by him in form as principal. Another agree-
ment was executed at some time, in connection with the
transaction, as follows:

"Whereas, Jan Sevcik has made an application to Vlastenec
Building and Loan Association for loan of $5200 on his prop-
erty which he owned in fee simple, being known as the lot 45,
in block ten (10), in Johnston & Lee's subdivision of section
twenty (20), township thirty-nine (39), north, range fourteen
(14), east of the third (3d) principal meridian, together with
all the improvements thereon; and whereas, said property has
been encumbered to the Star Coal Company, and said company
has foreclosed the property, and the association, through its
board of directors, intended to assist said Sevcik to redeem his
property from the sale: Therefore, it has been decided to
make the loan to said Sevcik, provided he would pay to Vlas-
tenec Building and Loan Association $13 on each Thursday of
every week, also interest at $6\frac{1}{2}$ per cent in monthly installments ·
on $5200, until half of the sum with interest thereon is paid,
and as further consideration said Sevcik to assign and transfer
his stock and quit-claim with his wife the above described prop-
erty to John Novak as trustee, and when the amount as above

said has been paid, then said John Novak, at the request of said Sevcik, with the consent of the board of directors of said association, shall reconvey the above said property to the said Sevcik. In case of failure to make weekly payments or interest the said Sevcik shall surrender immediate possession, and the said John Novak is hereby authorized by the board of directors of said association, and also by Jan Sevcik, to take possession, collect all the rents and incomes, pay taxes and repairs and other expenses, and turn the balance to the association toward the payment of dues and interest. The said John Novak shall further execute a trust deed and agreement, and give the Sevciks property as security for said loan of $5200. Said Novak shall receive reasonable fees for his services if he collects the rents and perform any other duties as hereinbefore provided for.

"In witness whereof we had subscribed our names and seals this second day of March, 1893.

JOSEPH SINDELAR, *Pres.*
JOSEPH PETRZELKA, *Sec.*
JAN SEVCIK and
JOHN NOVAK,
*Trustee for Vlastenec Ass.*"

The contention of appellants is, that they have a right to prove the circumstances of the transaction and to have the instruments construed together, and that when that has been done it will be seen that no personal liability was created. This is the only question in the case.

The evidence at the hearing was conflicting as to when the unsealed agreement was made and what its purpose was, and it was claimed that it was made long after the trust deed, as an independent transaction, and was signed by the president and secretary without examination, upon the representation of Novak, as the legal adviser of the association, that its purpose was to enable him to collect rents and that it was necessary for that purpose. It is also insisted by appellees, that, not being under seal, the terms of the agreement and trust deed, both of which were sealed instruments, could not be varied by it. But waiving all questions of that character, and assuming that the papers were all parts of the same transaction and that appellants may show all circum-

stances, we do not think that Novak can be relieved from the personal liability assumed by the agreement. He testified that it was suggested when the loan to Sevcik was refused, that it could probably be made some other way to save the expense of foreclosure proceedings. The president and secretary, on the other hand, testified that they would not trust Sevcik but were willing to make the loan to Novak if he took the responsibility. There was nothing in the fact that Novak was acting in the interest of Sevcik and to aid him in redeeming the property which would prevent him from becoming personally liable, nor does it follow from such fact that credit was not given to him. It was perfectly competent for him to become personally responsible, and by becoming a direct party to the contract as principal he assumed such liability. Having contracted in a form to make himself personally liable, the other agreement did not, in terms, exempt him from such liability. Nor does it appear that such was the understanding. The agreement provided in express terms that Novak should execute the trust deed and agreement as well as to give the property as security. He had heard of an appraisal of the property which would show it insufficient security, and the association had objected that Sevcik was not prompt with payment. We do not think that credit was exclusively given to Jan Sevcik, but that it was given, according to the understanding of both parties, to Novak, with the intention of having his promise in addition to the security of the property or the obligation of Sevcik. Novak afterward quit-claimed the other seven lots to the association, and if the title had been worth anything he would have been entitled to a credit. But that fact did not prove that his liability was not personal.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*